UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE KOSH,<br><br>      Plaintiff,<br><br> -against-<br><br>BRIAN MICHAEL QUINN AND SALVATORE E.A. VULCANO<br><br>      Defendants. | 25-CV-04603 (JPO) (RFT)<br><br>**REPORT & RECOMMENDATION** |

**TO THE HONORABLE J. PAUL OETKEN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Caroline Kosh, who is proceeding without a lawyer (pro se), brings claims against Defendants Brian Michael Quinn and Salvatore E.A. Vulcano for "theft by deception." (*See generally* ECF 1, Compl.) She invokes this Court's federal question jurisdiction, although theft by deception is not a federal claim. For the reasons set forth below, I respectfully recommend that Your Honor issue an Order To Amend on the Court's own initiative (sua sponte).

## Factual Background

I provide the factual background below based on the allegations in Plaintiff's Complaint, including its voluminous attachments. (*See generally* ECF 1, Compl.)

In 2018, Plaintiff, who is domiciled in Georgia, became acquainted with Defendants, whom she states live in Staten Island, New York, and work in Manhattan, through social media. (*See id.* at 7.) Defendants are two of the actors in the hidden camera show *Impractical Jokers.* It appears from the Complaint that Plaintiff never met Defendants face to face, and at times she

questioned whether Defendants were impostors rather than the actors on *Impossible Jokers*. (*See, e.g.*, ECF 1-1 at 47; ECF 1-2 at 5; ECF 1-5 at 50; ECF 1-6 at 28, 48.)

At some unspecified point, Defendants began asking her to loan them money, and she complied on numerous occasions. (*See* ECF 1, Compl. at 7-10.) The dates, amounts, and terms of each the loans are unclear from the Complaint. (*See id*.) Plaintiff states that in the aggregate, she loaned Defendants $127,000; that the repayment amount was initially $4001,000; and that Defendants agreed to increase the repayment amount to $500,000 after failing to repay (or start repaying) on the original terms. (*See id.* at 2, 9.)

## Procedural History

On May 23, 2025, Plaintiff, who is proceeding pro se (without a lawyer), filed a complaint against Defendants. (*See generally* ECF 1, Compl.) She paid the filing fee. Summonses have not yet issued. Your Honor referred this case to me for general pretrial supervision and reports and recommendations on dispositive motions. (*See* ECF 3.) I held a conference on June 30, 2025, during which I informed Plaintiff of my intention of recommending that Your Honor issue an order to amend and explained my reasoning. (*See* ECF 5.)

## Legal Standards

I.    **Standard for Dismissing a Pro Se Case Sua Sponte**

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and so courts interpret pro se complaints liberally, as raising the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, pro se plaintiffs are expected to "compl[y] with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90,

95 (2d Cir. 1983).[1] Among other things, pro se plaintiffs must plead adequate facts to "state a claim to relief that is plausible" on the face of the complaint. *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where it cannot be determined what claims are being asserted against the defendants, a complaint is not in compliance with Rule 8. *Bloise v. Q4 Generational Wealth*, Inc., No. 1:22-CV-10488 (JHR) (SDA), 2023 WL 11844292, at *3 (S.D.N.Y. July 25, 2023).

The Court has the authority to dismiss a complaint on its own initiative (sua sponte) for several reasons, even when the plaintiff has paid the fees to bring a federal civil action; those reasons include the Court's determination that the complaint fails to state a claim, *see Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), *abrogated on other grounds by Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023); *see also Suozzo v. Beck Chevrolet Co.,* No. 22-CV-1071 (PMH), 2022 WL 719274, at *2 (S.D.N.Y. Mar. 10, 2022).

A pro se complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

**II.   Subject Matter Jurisdiction**

Sections 1331 and 1332 of Title 28 of the United States Code set out the subject matter jurisdiction of the federal district courts. Federal district courts are courts of limited jurisdiction that have subject matter jurisdiction only when a "federal question" is presented or when the

---

[1]   Unless otherwise indicated, this report and recommendation omits internal quotation marks, alterations, and citations from quoted text.

parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See Suozzo,* 2022 WL 719274, at *2. Federal district courts may on their own initiative, at any stage of the proceedings, raise the question whether the court has subject matter jurisdiction. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Federal question jurisdiction requires a plaintiff's claims to arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, meaning that the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007). "Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." *Glickstein v. Johnson*, No. 20-CV-4161 (LLS), 2020 WL 4676651, at *3 (S.D.N.Y. Aug. 11, 2020) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996)).

Diversity jurisdiction requires the parties to be citizens of different states, and an individual's citizenship for this purpose is determined by his or her domicile, which is the place where the person has his or her "true fixed home and principal establishment." Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 53-54 (2d Cir. 2019).

### III. Venue

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

## Analysis

I.   **The Complaint Does Not Clearly Allege a Basis
     For this Court To Exercise Subject Matter Jurisdiction**

Plaintiff invokes this Court's federal question jurisdiction, but the claim she alleges, theft by deception, is not a claim created by federal law create and would not depend on resolution of a substantial federal law question. *See Bay Shore Union Free Sch. Dist.,* 485 F.3d at 734. "Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." *Glickstein*, 2020 WL 4676651, at *3. Theft by deception, which I interpret to mean fraud, is a state law claim.

It is possible that diversity jurisdiction exists in this case. Plaintiff is domiciled in Georgia, and Defendants are domiciled in Staten Island, New York. Plaintiff alleges that the amount in controversy is $500,000, which is greater than the jurisdictional limit. However, the Complaint states that one of the individual Defendants has a principal place of business in Georgia. A principal place of business in the context of diversity jurisdiction is a concept that applies to companies rather than individuals. Plaintiff does not name any companies in the caption of the Complaint. If she intended to sue a company in addition to the two individual Defendants, and that company has a principal place of business in Georgia, there would not be complete diversity, because the company would be considered a citizen of Georgia, and Plaintiff is also a

citizen of Georgia. An amended complaint should specify whether or not Plaintiff is suing any companies.

II.    **The Complaint as Pleaded Does Not Properly Lay Venue in this District**

As written, the Complaint does not properly lay venue in this District. Venue is not proper under 28 U.S.C. § 1391(1), because no Defendant is alleged to reside in this District. Both Defendants are alleged to reside in Staten Island, New York, which is in the Eastern District of New York. Venue is not proper under 28 U.S.C. § 1391(2), because Defendant does not allege that a substantial portion of the events giving rise to her claims occurred in this District, which includes the boroughs of Manhattan and the Bronx in New York City and some counties north of New York City. And venue is not proper under 28 U.S.C. § 1391(3), because there is another judicial district where venue is proper – specifically, the Eastern District of New York. If no events giving rise to Plaintiff's claims occurred in this District, it may be appropriate for this Court to transfer the case to the Eastern District of New York.

III.   **Scope of an Order To Amend**

If Your Honor is to issue an Order to Amend, Plaintiff should be directed to provide, in the "Statement of Claim" section of the amended complaint form, a short and plain statement of the relevant facts supporting the claims against each Defendant. While she may attach exhibits to the amended complaint, she should be ordered to summarize the relevant portions of the exhibits in the body of the amended complaint; to include all the information in the amended complaint that she wants the Court to consider in deciding whether the amended complaint states a claim for relief, because the amended complaint will replace and not supplement the original Complaint; and to specify any behavior relating to the case that took

place in Manhattan or the Bronx and whether she is suing any companies in addition to the two individual Defendants. The amended complaint should include:

    a) the names and titles of all relevant people and entities;

    b) a description of all relevant events, including what each defendant told her that led her to loan them money, the approximate date and time of each time Defendants requested and she agreed to loan them money, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks.

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court. Litigants may contact the City Bar Justice Center by going to https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ and completing the City Bar Justice Center's intake form for the Southern District of New York (SDNY).

I note that Plaintiff may want to contact law enforcement officials to inform them of Defendants' actions; law enforcement officials may have the resources to investigate Plaintiff's claims and help her resolve them – particularly if Defendants are not in fact Brian Michael Quinn and Salvatore E.A. Vulcano but are instead imposter(s) who pretended to be Brian Michael Quinn and Salvatore E.A. Vulcano to further their fraudulent scheme.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Your Honor should issue an Order To Amend, along the lines set forth above, requiring Plaintiff to submit an amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of that order if she can address the problems with her Complaint identified in this report and recommendation. Any such Order To Amend should direct Plaintiff to caption the document as an "Amended Complaint" and to label the document with docket number 25-CV-04603 (JPO) (RFT); should attach an amended complaint form; and should remind Plaintiff of the existence of the City Bar Justice Center Legal Services Clinic.

Dated: New York, New York
July 8, 2025

Respectfully Submitted,

_____
**ROBYN F. TANOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b). Any requests for an extension of time for filing objections must be addressed to Judge Oetken.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).