UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE KOSH, | |
| Plaintiff, | 25-CV-04603 (JPO) (RFT) |
| -against- | **REPORT & RECOMMENDATION** |
| BRIAN MICHAEL QUINN AND SALVATORE E.A. VULCANO | |
| Defendants. | |

**TO THE HONORABLE J. PAUL OETKEN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Caroline Kosh, who is proceeding without a lawyer (pro se), has field an amended complaint (the "AC") bringing claims against Defendants Brian Michael Quinn and Salvatore E.A. Vulcano for fraud, conspiracy to commit fraud, and constructive fraud/fraudulent inducement. (*See generally* ECF 8, AC.) She invokes this Court's diversity jurisdiction. (*See id.* at 1.) Defendants have moved to dismiss the AC" for lack of subject matter jurisdiction, lack of personal jurisdiction, improperly laid venue, failure to state a claim, and failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. (*See generally* ECF 13, Mot. To Dismiss.) For the reasons set forth below, I respectfully recommend that Your Honor should: (1) DENY Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction; (2) DENY Defendants' motion to dismiss for improperly laid venue and sua sponte (on the Court's own initiative) transfer this case to the Eastern District of New York; and (3) DECLINE TO ADDRESS Defendants' motion to dismiss for failure to state a claim and failure to comply with Rules 8 and 10, so that the motion may be decided by the transferee court.

**Factual Background**

I provide the factual background below based on the allegations in the AC, including its attachments and the voluminous attachments to the original complaint, which Plaintiff incorporates into the AC. (*See generally* ECF 8, AC.)

In 2018, Plaintiff, who is domiciled in Georgia, became acquainted with Defendants, whom she states live in Staten Island, New York, through social media. (*See id.* at 7.) Defendants are two of the actors in the hidden camera show *Impractical Jokers.* It appears from the Complaint that Plaintiff never met Defendants face to face, and at times she questioned whether Defendants were impostors rather than the actors on *Impractical Jokers*. (*See, e.g.*, ECF 1-1 at 47; ECF 1-2 at 5; ECF 1-5 at 50; ECF 1-6 at 28, 48.)

At some unspecified point after September 2018, Defendants began asking her to loan them money, and she complied on numerous occasions. (*See* ECF 8, AC at 1, 9-12.) The dates, amounts, and terms of each the loans are unclear from the AC. (*See id*.) Plaintiff states that in the aggregate, she loaned Defendants $128,000; that the repayment amount was initially $400,000; and that Defendants agreed to increase the repayment amount to $500,000 after failing to repay (or start repaying) on the original terms. (*See id.* at 1, 11.)

**Procedural History**

On May 23, 2025, Plaintiff, who is proceeding pro se (without a lawyer), filed a complaint against Defendants. (*See generally* ECF 1, Compl.) She paid the filing fee. Your Honor referred this case to me for general pretrial supervision and reports and recommendations on dispositive motions. (*See* ECF 3, Order of Ref.) I held a conference on June 30, 2025, during which I informed Plaintiff of my intention of recommending that Your Honor issue an order to

amend and explained my reasoning. My report and recommendation provided instructions that Plaintiff would need to follow to fix the problems with the original complaint. (*See* ECF 6, Report & Recommendation.) Your Honor adopted my report and recommendation and issued an order to amend. (*See* ECF 7, Order To Amend.)

On August 22, 2025, Plaintiff filed the AC. (*See* ECF 8.) Summonses were issued, and although Plaintiff did not file proof of service on the docket, Defendants, through counsel, filed a motion to dismiss. (*See* ECF 13, Mot. To Dismiss.) Defendants argue that the AC should be dismissed because: (1) Plaintiff has not shown a basis for federal court subject matter jurisdiction or that they are subject to the personal jurisdiction of this Court; (2) venue does not lie in this District; (3) Plaintiff has failed adequately to plead her claims of fraud and fraudulent inducement, and New York does not recognize conspiracy to commit fraud as a separate cause of action; and (4) the AC is unintelligible. (*See* ECF 13-5, Defs.' Mem. at 5-13, 15, 18-19.)

I held at status conference on November 19, 2025 and informed the parties of my intention of recommending that Your Honor deny the motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction and sua sponte transfer the case to the Eastern District of New York. Plaintiff stated on the record that she did not object to a transfer to the Eastern District of New York. In light of that representation, I did not set a schedule for Plaintiff to submit an opposition to the motion to dismiss or for Defendants to submit a reply brief in further support of the motion to dismiss.

**Discussion**

**I.    Order of Considering Defendants' Arguments**

The Supreme Court has held that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)," so that a federal court "may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *see also Central States Se. & Sw. Areas Health & Welfare Fund v. Merc-Medco Managed Care, LLC,* 433 F.3d 181, 203 (2d Cir. 2005) (explaining that jurisdictional issues should be decided before merits issues). Accordingly, notwithstanding that Defendants begin their brief in support of their motion to dismiss with arguments about Plaintiff's failure to state a claim and only later turn to questions of subject matter jurisdiction, personal jurisdiction, and venue, I begin by addressing the questions whether this Court has subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over Defendants and whether venue lies in this District.

**II.    Subject Matter Jurisdiction**

    A.    Legal Principles

Sections 1331 and 1332 of Title 28 of the United States Code set out the subject matter jurisdiction of the federal district courts. Federal district courts are courts of limited jurisdiction that have subject matter jurisdiction only when a "federal question" is presented or when there is diversity jurisdiction, which occurs when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See Suozzo v. Beck Chevrolet Co.,* No. 22-CV-1071

4

(PMH), 2022 WL 719274, at *2 (S.D.N.Y. Mar. 10, 2022).[1] An individual's citizenship for

purposes of diversity jurisdiction is determined by his or her domicile, which is the place where

the person has his or her "true fixed home and principal establishment." *Van Buskirk v. United

Grp. of Companies, Inc.*, 935 F.3d 49, 53-54 (2d Cir. 2019).

B.    Analysis

Plaintiff is domiciled in Georgia, and Defendants reside in Staten Island, New York. (*See*

ECF 8, AC at 1.) Plaintiff alleges that she made at least $128,000 in transfers that Defendants

secured by fraud. (*See id.* at 1-3.) Defendants argue that the AC fails adequately to show that

there is diversity jurisdiction because Plaintiff has not (1) alleged that Defendants are domiciled

(make their true fixed homes) in Staten Island and alleges only that they reside there; and (2)

has not tied $128,000 in transfers "to a proper claim against the named Defendants." (ECF 13-5,

Defs.' Br. at 19.)

Because Plaintiff is proceeding without a lawyer, her filings must be read liberally, to

make the strongest claims they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be

construed liberally and interpreted to raise the strongest arguments they may suggest."); *Harris*

*v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (explaining that the Court is obliged to construe pro se

pleadings liberally). Plaintiff's failure to appreciate the difference between citizenship,

residence, and domicile is not an appropriate basis for dismissing this case for lack of subject

matter jurisdiction. Notably, Defendants never dispute they are citizens of a state other than

---

[1]    Unless indicated otherwise, this report and recommendation omits internal quotation
marks, citations, and alterations from quoted text.

Georgia, the state where Plaintiff is a citizen, as required for diversity jurisdiction. Nor do they dispute that they are domiciled in Staten Island, New York. Had Defendants wished to challenge Plaintiff's allegation that they are citizens of a state other than Georgia, where Plaintiff is a citizen, they could have included information on their domicile in their declarations. They did not do so. (*See* ECF 13-1, Aff. of Brian Quinn ¶ 5; ECF 13-3, Aff. of Salvatore Vulcano ¶ 10.) Under the circumstances, Your Honor should reject Defendants' argument that the case should be dismissed because Plaintiff has failed adequately to plead that Defendants are domiciled in Staten Island and therefore citizens of New York State.

Defendants' argument that Plaintiff has not adequately pleaded the amount in controversy similarly falls short. Plaintiff alleges that she was defrauded into transferring $128,000 to Defendants. (*See* ECF 8, AC at 1.) Defendants' response is that she has failed to state a claim linking Defendants to her loss of $128,000. (*See* ECF 13-5, Def.'s Mem. at 19.) Whether Plaintiff has adequately stated a claim against Defendants is a separate question from whether Plaintiff has adequately pleaded the amount in controversy. *See Zacharaia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (explaining that "[t]he jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits," and "even where those allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted").

Accordingly, I respectfully recommend that Your Honor should DENY Defendants' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

**III.      Personal Jurisdiction**

Defendants argue that "[s]ince Defendants reside outside this judicial district, and since none of the events giving rise to Plaintiff's claims occurred in this district or give rise to personal jurisdiction over Defendants, venue in this judicial district is inappropriate." (ECF 13-5, Defs.' Br. at 18.) Defendants appear to confuse personal jurisdiction and venue. I address both requirements out of an abundance of caution.

As set forth below, while venue is limited to, among other fora, a judicial district where a defendant resides if all defendants reside in the same state, *see* 28 U.S.C. § 1391(1), in a state with multiple federal judicial districts, any federal court within the state may properly exercise general personal jurisdiction over an individual domiciled anywhere within the state. *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011) (holding that, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile," and discussing the state of domicile rather than the judicial district where the individual resides); *see also* <u>Beskrone</u> *v. Berlin,* 656 F. Supp. 3d 496, 508 (S.D.N.Y. 2023) (explaining that, as relevant here, "C.P.L.R. § 301 allows courts in New York to exercise general personal jurisdiction over individuals who are domiciled in New York [State]"); *cf. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673  F. 3d 50, 59-62 (2d Cir. 2012) (explaining that the "minimum contacts" inquiry in connection with a personal jurisdiction analysis requires examination of the sufficiency the defendant's contacts with the forum state (not the forum district) to justify the court's exercise of personal jurisdiction). Defendants do not dispute that

they are domiciled within the State of New York, which means that this Court may properly exercise personal jurisdiction over them.[2]

Accordingly, to the extent that Defendants are moving to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, I respectfully recommend that Your Honor should deny that motion.

### IV.    Venue

#### A.    Legal Standards

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. When a court concludes that venue is improper, it may dismiss the case or transfer it to another district pursuant to 28 U.S.C. § 1406(a). *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district

---

[2]    While the preliminary statement of Defendants' brief in support of its motion to dismiss has a throwaway statement that Plaintiff failed properly to serve them (ECF 13-5, Defs.' Br. at 1), I do not understand Defendants' motion to seek dismissal on the basis of improper service, since their papers do not mention dismissal under Rule 12(b)(5), which governs motions to dismiss for improper service. *See Khan v. Khan*, 360 Fed. App'x 202, 204 (2d Cir. 2010) ("[T]he defense of insufficient service of process may be waived by a party's failure to either raise it in a motion under Rule 12(b) of the Federal Rules of Civil Procedure or to include it in a responsive pleading.").

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

        B.        <u>Analysis</u>

Defendants argue that the AC does not properly lay venue in this District. (*See* ECF 13-5 Defs.' Br. at 4, 16, 18). Defendants are correct. Venue is not proper under 28 U.S.C. § 1391(1), because no Defendant is alleged to be domiciled in this District. Both Defendants are alleged to reside in Staten Island, New York, which is in the Eastern District of New York. Venue is not proper under 28 U.S.C. § 1391(2), because Plaintiff does not allege that a substantial portion of the events giving rise to her claims occurred in this District, which includes the boroughs of Manhattan and the Bronx in New York City and some counties north of New York City. And venue is not proper under 28 U.S.C. § 1391(3), because there is another judicial district where venue is proper – specifically, the Eastern District of New York.

While Defendants are correct that venue does not lie in this District, I respectfully recommend that Your Honor should nevertheless deny Defendants' motion to dismiss under Rule 12(b)(3) and instead sua sponte transfer this case to the Eastern District of New York. *See Luke v. Sunwing Travel Grp.,* No. 20-CV-4964 (LLS), 2020 WL 7360413, at *3 (S.D.N.Y. Dec. 14, 2020) (transferring the case on the Court's own motion); *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) (denying the defendants' motion to dismiss and transferring the case sua sponte).

Under 28 U.S.C. § 1406(a), this Court may transfer this case to "any district or division in which it could have been brought," if doing so would be in the interests of justice. 28 U.S.C. § 1406(a). The case could have been brought in the Eastern District of New York under Section

1391(b)(1). Transfer rather than dismissal is typically "in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Hudson Furniture, Inc. v. Lighting Design Wholesalers Inc.*, No. 20-3299, 2021 WL 6105489, at *2 (2d Cir. Dec. 21, 2021).

Two factors that militate in favor of transfer rather than dismissal are that (1) "the original action was filed in good faith" and (2) "a new action filed by the litigant would be barred as untimely." *Gakuba v. Doe*, No. 22-CV-1039 (LTS), 2022 WL 561669, at *4 (S.D.N.Y. Feb. 22, 2022) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). One of these factors is present here: there is no indication that Plaintiff filed suit in this District in bad faith; rather, Plaintiff is a pro se litigant who does not appear to have understood that venue does not lie in this District. "[A] transfer would expedite the resolution of [Plaintiff's] claim, thereby furthering the interest of justice." *Hendrickson v. United States*, 791 F.3d 354, 363 (2d Cir. 2015) (concluding that the district court lacked subject matter jurisdiction, reversing the district court's grant of summary judgment in favor of the plaintiffs, and ordering transfer to the Court of Federal Claims because the plaintiff's improper filing was "a good-faith mistake or error in interpreting the law" and despite the absence of any "reason to believe that Plaintiffs' claim would be barred as untimely if filed in the Court of Federal Claims"). Plaintiff's good faith and the goal of expediting resolution of this matter support transfer rather than dismissal, even though it does not appear that Plaintiff's claims would be time-barred if Plaintiff had to re-file. *See id.*; *see also Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (upholding the denial of a motion to dismiss and order to transfer despite concluding that "Petitioners' claims likely would be timely if filed anew in the district court"); *In re Williams*, No. 19-MC-0255 (JGK), 2019 WL

10

4933487, at *2 (S.D.N.Y. Oct. 4, 2019) (rejecting a motion to dismiss and explaining that "transfer to the Eastern District of New York, rather than dismissal, would best serve the interests of justice because dismissal would inevitably lead to the plaintiff simply refiling in the Eastern District of New York and because transfer will therefore lead to an expeditious adjudication of the case on the merits").

Accordingly, I respectfully recommend that Your Honor should DENY Defendants' motion to dismiss for improperly laid venue pursuant to Rule 12(b)(3) and that Your Honor should instead issue an order sua sponte transferring this case to the Eastern District of New York.

**V.      Defendants' Motion To Dismiss for Failure To State a Claim and
Failure To Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure**

If Your Honor agrees that this case should be transferred to the Eastern District of New York, I respectfully recommend that Your Honor should not address Defendants' arguments that the AC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or for failure to comply with Rules 8 and 10. Instead, I respectfully recommend that Your Honor reserve decision on these arguments so that they can be addressed in the transferee Court, where they are appropriately resolved. *See In re Williams*, 2019 WL 3858585, at *3 ("Because transfer to the Eastern District of New York is appropriate, the Court declines to address [the defendant's] alternative grounds for dismissal of the action.").

<u>**CONCLUSION**</u>

For the foregoing reasons, I respectfully recommend that Your Honor should: (1) DENY Defendants' motion to dismiss for lack of subject matter jurisdiction; (2) DENY Defendants'

11

motion to dismiss for improperly laid venue and sua sponte (on the Court's own initiative) transfer this case to the Eastern District of New York; and (3) decline to address Defendants' motion to dismiss for failure to state a claim and failure to comply with Rules 8 and 10 of the Federal Rules, so that the transferee court may decide that motion.

Dated: December 19, 2025
New York, New York

Respectfully Submitted,

_____

**ROBYN F. TANOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an

extension of time for filing objections and responses to objections must be addressed to Judge Oetken.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).